(No. 14404.—Judgment reversed.)

THE PEOPLE *ex rel.* Joe C. Cool, County Collector, Appellee, *vs.* THE ILLINOIS CENTRAL RAILROAD COMPANY, Appellant.

*Opinion filed February 22, 1922.*

TAXES—*when act of May 10, 1921, does not validate community high school tax.* The act of May 10, 1921, "to legalize the organization of certain high school districts," does not validate an invalid tax in a community high school district where the legality of the organization of the district is not questioned. (*People* v. *Rich, ante,* p. 80, followed.)

APPEAL from the County Court of DeWitt county; the Hon. JOHN BEDINGER, Judge, presiding.

HERRICK & HERRICK, and F. K. LEMON, (WALTER S. HORTON, and JOHN G. DRENNAN, of counsel,) for appellant.

WILLIAM SMITH, State's Attorney, W. F. GRAY, and L. O. WILLIAMS, for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Community High School District No. 116 in DeWitt county was organized September 27, 1919, and the board of education was elected and organized October 29, 1919,

and a tax of $18,000 for educational purposes and $2000 for building purposes was immediately levied. The certificate of levy was filed in the office of the county clerk on the following day, and he thereupon extended the tax against the taxable property within the district. Community High School District .No. 117 in DeWitt county was organized October 18, 1919, and the board of education was elected and organized thirty days thereafter. December 13, 1919, the board levied $5000 for educational purposes, and December 22, 1919, it levied $12,000 for building purposes. Certificates of these tax levies were filed in the office of the county clerk December 17 and 23, and a tax was thereupon extended against all the taxable property within district No. 117. At the June term, 1920, of the county court of DeWitt county appellant filed objections to the collector's application for judgment against its property for the tax so extended, for the reason that the above levies were made without authority of law and were void. The county court overruled the objections and entered judgment and order of sale against the property of appellant, and it has appealed.

Appellee admits that the tax is void unless it is validated by "An act to legalize the organization of certain high school districts," which became effective May 10, 1921. The question presented for decision is the identical question presented in *People* v. *Rich,* (*ante,* p. 80,) where we held that said act did not apply to a district the legality of whose organization had not been challenged. The conclusion this court has reached in that case is decisive of the question presented in this case.

The judgment of the county court is reversed and judgment is rendered here sustaining the objections of appellant.

*Reversed and judgment here.*